UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. |
| | ) | |
| Eighty-Seven Thousand One Hundred Dollars | ) | JURY TRIAL REQUESTED |
| ($87,100.00) in U.S. Currency, more or less, | ) | |
| seized from Bradford Sargent, | ) | |
| | ) | |
| Defendant *in rem.* | ) | |
| | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*, FOR PROPERTY WITHIN THE UNITED STATES' POSSESSION, CUSTODY OR CONTROL PURSUANT TO SUPPLEMENTAL RULE G

Plaintiff, United States of America, brings this Complaint according to Supplemental Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges:

### NATURE OF THE ACTION

This is an action to forfeit and condemn to the use and benefit of the United States of America the captioned defendant *in rem* pursuant to 21 U.S.C. § 881(a)(6).

### JURISDICTION AND VENUE

Plaintiff brings this action *in rem* to forfeit and condemn the defendant *in rem* currency under 21 U.S.C. § 881. This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355(a). Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395.

### THE DEFENDANT *IN REM*

The defendant *in rem* is: Eighty-Seven Thousand One Hundred Dollars ($87,100.00) in U.S. Currency, more or less, seized from Bradford Sargent. The defendant *in rem* is currently in the custody of the United States Marshals Service (USMS).

## FACTS

1.   Around June of 2021, law enforcement officers began to investigate Bradford Sargent ("Sargent") for distribution of illegal narcotics. The officers received information from two cooperating individuals (CI One and Two) who completed four audio-recorded controlled buys from Sargent.

2.   On October 13, 2021, CI One purchased one ounce of suspected methamphetamine for $760 from Sargent. On October 14, 2021, the suspected methamphetamine field-tested positive for methamphetamine.



3.   On January 31, 2022, Sargent called CI Two and arranged to sell CI Two methamphetamine at the Homewood Suites in Portsmouth, New Hampshire. CI Two arrived at the Homewood Suites and walked with Sargent to room 130. Sargent's girlfriend, Jenelle Brown ("Brown"), was also in the room. CI Two purchased two baggies of methamphetamine from Sargent for $720.00. Laboratory analysis later confirmed that the baggies contained 25.8 grams of methamphetamine hydrochloride.

4.   On February 3, 2022, CI Two texted Sargent and Brown and arranged to buy more methamphetamine. Again, CI Two went to room 130 and purchased two baggies of methamphetamine for $1,200.00. Both Sargent and Brown were present. Laboratory analysis later confirmed that the baggies contained 41.965 grams of methamphetamine hydrochloride.

5.   On February 7, 2022, CI Two texted Brown and arranged to buy more methamphetamine for $800.00. Brown told CI Two to come to room 130 at the Homewood Suites. During the sale, Brown opened a safe in the back that contained several baggies filled with large chunks of white crystal. Brown broke off some pieces of the white crystal, weighed them, and gave two baggies to CI Two. Laboratory analysis found that the two baggies contained 28.197 grams of methamphetamine hydrochloride.

6.   Officers reviewed records that showed Sargent rented room 130 at Homewood Suites Hotel in Portsmouth, New Hampshire from December 2, 2021, through February 13, 2022.

7.   On February 9, 2022, officers executed a state search warrant for Room 130.  Officers found and seized approximately $33,000.00 in U.S. currency and approximately 120 suboxone strips from a safe small safe inside a shoe case located in the living room next to the couch; a blue case for glasses with a bag containing methamphetamine; two large quart size Ziploc bags containing methamphetamine and fentanyl, a few empty Ziploc bags and torch style lighters from inside a black safe in the bedroom closet, three drug ledgers from a nightstand in the bedroom, three baggies containing methamphetamine from the living room desk drawer, Officers seized a total of 589.8 grams of a mixture containing fentanyl and 5.139 grams of methamphetamine hydrochloride. While searching Sargent's person during his arrest, officers seized a green-sleeved key marked "3-4020" from his wallet.



8.  Sargent was arrested, waived his *Miranda* rights, and voluntarily participated in an interview with law enforcement officers. During the interview, Sargent admitted to selling controlled substances from the hotel room he shared with Brown. Sargent also admitted to helping Brown sell controlled substances in the past. Sargent falsely told the officers that the key belonged to a safe deposit box at Holy Rosary Credit Union in Rochester, New Hampshire. Upon further investigation, the officers learned that the key was for a safe deposit box at TD Bank in Dover, New Hampshire.

9.  On February 10, 2022, officers executed a state search warrant for the two vehicles that Sargent used, an Acura TL and a Chevy Equinox. The Chevy Equinox contained three safes. Officers seized approximately $12,000.00 in U.S. currency and approximately twelve baggies containing controlled substances from the safes. Lab reports confirmed the baggies held a total of 744.146 grams of mixtures containing fentanyl, 547.956 grams of methamphetamine hydrochloride, and 20.876 grams of cocaine.

10.  On February 15, 2022, officers executed a state search warrant for the safety deposit box at TD Bank. The vault access record listed the renter, Bradford Sargent, and the dates that Sargent accessed the box:  December 3rd, 12th, and 27th in 2021, and January 11th, 25th and 28th in 2022. Sargent signed his name on the vault access record each time that he accessed the safety deposit box. Sargent was the only person who accessed the box. As stated in the rental contract, it is against bank policy to store cash in a safe deposit box. Officers seized the defendant *in rem*, Eighty-Seven Thousand One Hundred Dollars ($87,100.00) in U.S. currency, bundled in plastic bags, from inside the box.



11.  Law enforcement officers also obtained state search warrants to search the storage units Sargent rented at Rightspace Storage in Dover, New Hampshire. In one of the lockers, officers seized a baggie containing 0.705 grams of cocaine base. In another locker, officers seized three firearms.

12.  In total, law enforcement seized a total of 1,333.946 grams of a mixture containing fentanyl, 649.057 grams of methamphetamine hydrochloride, 20.876 grams of cocaine, and 0.705 grams of cocaine base from Sargent.

13.  On September 29, 2022, officers interviewed Brown.  She said that she had lived with Sargent from approximately September of 2021 until their arrest. Brown said that they had stayed in Dover and Portsmouth area hotels. She said that Sargent was a prominent distributor of methamphetamine and fentanyl in the New Hampshire Seacoast area. Brown said that Sargent did not have any legitimate employment during the time she lived with him.

13.  Sargent's criminal history includes six controlled substance convictions: felony possession with intent to distribute in 1999; felony possession of a controlled substance in 2014; felony possession of a controlled substance in 2018; felony possession of a controlled substance

in February 2020 and March 2020, and misdemeanor transportation of drugs in 2021.

14.  On August 15, 2022, a federal Grand Jury indicted Sargent and charged with him with conspiracy to distribute fentanyl and methamphetamine. Indictment, *United States v. Bradford Sargent,* No. 1:22-cr-92-PB. On March 28, 2023, Sargent pleaded guilty, DN 57, and is scheduled to be sentenced on July 6, 2023.

## CLAIM FOR FORFEITURE
### 21 U.S.C. § 881(a)(6)

15.  The allegations contained in paragraphs 1-14 of this Verified Complaint for Forfeiture *in Rem* are incorporated by reference.

16.  Title 21, U.S.C. § 881(a)(6) subjects to forfeiture "all moneys … or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or … all proceeds traceable to such an exchange and all moneys … used or intended to be used to facilitate any violation of" the Controlled Substances Act.

17.  The defendant *in rem* was furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or represents proceeds traceable to such exchanges, or money used or intended to be used to facilitate violations of the Act. As a result, the defendant *in rem* is liable for condemnation and forfeiture to the United States for its use in accordance with 21 U.S.C. § 881(a)(6).

## PRAYERS FOR RELIEF

Therefore, the United States requests that:

(a)     the Clerk of Court issue a Warrant of Arrest *in Rem*, in the form submitted with this Verified Complaint, to the United States Marshals Service, commanding them to arrest the defendant *in rem*;

(b)     this matter be scheduled for a jury trial;

(c)      judgment be entered against the defendant *in rem*;

(d)      the defendant *in rem* be disposed of according to law; and

(e)      this Court grant the United States its costs and whatever other relief to which it

may be entitled.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

Dated:  June 20, 2023          By:     /s/ Robert J. Rabuck
Robert J. Rabuck
NH Bar # 2087
Assistant U.S. Attorney
Chief, Civil Division
District of New Hampshire
53 Pleasant Street
Concord, New Hampshire
603-225-1552
rob.rabuck@usdoj.gov

## <u>VERIFICATION</u>

I, Matthew Niciu, being duly sworn, depose and say that I am a Task Force Officer assigned to the Federal Bureau of Investigation, and as such have responsibility for the within action, that I have read the contents of the foregoing Verified Complaint for Forfeiture *in rem* and know the contents therein, and that the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and the State of New Hampshire, and information obtained by me and other law enforcement officers during an investigation of alleged violations of the controlled substances laws of the State of New Hampshire and of the United States.

/s/ Matthew Niciu
Matthew Niciu

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

Subscribed and sworn to before me this 20th day of June 2023.

/s/ Francine D. Conrad
Notary Public
My commission expires on March 27, 2024.

8